IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

POLLY'S FOOD SERVICE, INC.

      Plaintiff,

                                Civil Action No.

v.

                                Honorable

UNITED FOOD & COMMERCIAL WORKERS
INTERNATIONAL UNION – INDUSTRY
PENSION FUND

      Defendant.

---

## COMPLAINT

Plaintiff, Polly's Food Service, Inc., by and through its undersigned counsel, states for its Complaint against Defendant United Food & Commercial Workers International Union – Industry Pension Fund (the "Pension Fund") as follows:

## PRELIMINARY STATEMENT

1.    This is an action for declaratory judgment and injunctive relief. Plaintiff Polly's Food Service, Inc. ("Polly's") is a participating employer in the Pension Fund. Polly's and the Pension Fund are currently involved in an arbitration relating to the Pension Fund's assessments of partial withdrawal liability against Polly's with respect to Pension Fund plan years ending June 30, 2018, 2019 and 2020. Although Polly's believes the assessments of partial withdrawal liability are improper, Polly's has been making interim withdrawal liability payments to the

Pension Fund pursuant to 29 U.S.C. § 1399(c)(2).  To date, these payments total almost $1,000,000.

2.      On September 28, 2021, the Sixth Circuit Court of Appeals issued an opinion stating, "[w]e hold that using the Segal Blend [interest rate] here violates ERISA's mandate that the interest rate for withdrawal liability calculations be based on the 'anticipated experience under the plan.'" *Sofco v. Trustees of Ohio Operating Engineers Pension Fund*, 15 F.4th 407, 423 (6th Cir. 2021).

3.      One of the challenges Polly's raised to the Pension Fund's assessments of partial withdrawal liability is that the Pension Fund incorrectly used the Segal Blend interest rate when determining the amount of Polly's alleged partial withdrawal liability.    Based on the *Sofco* decision, Polly's challenge of the assessments on this basis should be upheld by the arbitrator.  Stated differently, it is clear that the even if the Pension Fund's assessments of partial withdrawal liability against Polly's are proper, which they are not, it was impermissible for the Pension Fund to use the Segal Blend interest rate when calculating the amount of Polly's alleged partial withdrawal liability.

4.      It is also clear that under *Sofco*, the Pension Fund was required to calculate the amount of Polly's alleged withdrawal partial liability for the plan years at issue using the plan's anticipated experience, which was 7.5% compounded annually.  Had the Pension Fund used the proper interest rate, Polly's alleged partial

withdrawal liability would not have exceeded $125,000 for any plan year in question. This is far less than the millions of dollars that were improperly assessed by the Pension Fund.

5.      The interim withdrawal liability payments Polly's has made to the Pension Fund to date far exceed the amount of Polly's actual partial withdrawal liability should the Pension Fund prevail in the arbitration.

6.      It is inequitable and patently unfair for Polly's to be required to continue to make interim withdrawal liability payments under these circumstances and the current state of the law.

7.      For these reasons, Polly's asks this Court to issue an order: (a) declaring that Polly's is not required to make any further interim withdrawal liability payments to the Pension Fund; and (b) enjoining the Pension Fund from attempting to collect additional interim withdrawal liability payments from Polly's pending the outcome of the arbitration and subsequent judicial appeals, or other resolution of the matter between the parties.

## THE PARTIES

8.      Polly's is a family-owned grocer. Polly's is incorporated in the State of Michigan, with its corporate headquarters in Jackson, Jackson County, Michigan.

9.      The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37)(A) and 29. U.S.C. § 1301(a)(3).

3

10.     Polly's is a participating employer in the Pension Fund.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over the instant dispute pursuant to  29 U.S.C. § 1451(a)(1).

12.     This Court has authority to award the declaratory relief that Polly's is requesting pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1451.

13.     Venue is proper in this Court pursuant to  29 U.S.C. § 1451(d) because Polly's is a resident of this district, the events giving rise to this action occurred within this district, and the Pension Fund does business and may be found in this district.

## FACTS

14.     In or around March 2019, the Pension Fund assessed Polly's with partial withdrawal liability for the plan year ending June 30, 2018.

15.     As part of the assessment, the Pension Fund established a schedule, pursuant to 29 U.S.C. § 1399(c)(2), that requires Polly's to make quarterly withdrawal liability payments.

16.     In or around May 2019, Polly's timely submitted to the Pension Fund a request for review of the assessment.  Polly's asked the Pension Fund to revise or withdraw the assessment for numerous reasons, including that the Pension Fund incorrectly used the Segal Blend interest rate when calculating the amount of Polly's

alleged partial withdrawal liability.

17.    The Pension Fund rejected Polly's request for review.

18.    In or about September 2019, Polly's timely filed a demand for arbitration with the American Arbitration Association.  One of the issues in the arbitration, which is currently pending, is whether the Pension Fund incorrectly used the Segal Blend interest rate when calculating the amount of Polly's alleged partial withdrawal liability.

19.    Subsequent to Polly's filing its demand for arbitration, the Pension Fund assessed partial withdrawal liability against Polly's for the plan years ending June 30, 2019 and June 30, 2020 and established a schedule, pursuant to 29 U.S.C. § 1399(c)(2), that requires Polly's to make quarterly withdrawal liability payments.

20.    Polly's challenged these assessments on the same grounds as it challenged the assessment for partial withdrawal liability for the plan year ending June 30, 2018.  This includes Polly's challenge to the assessments on the basis that the Pension Fund improperly used the Segal Blend interest rate when calculating the amount of Polly's alleged partial withdrawal liability.  The parties and the arbitrator jointly agreed that the assessments for the plan years ending June 30, 2019 and June 30, 2020 and Polly's challenges of those assessments would be part of the arbitration.

21.    Prior to filing its demand for arbitration, Polly's began making interim

5

withdrawal liability payments to the Pension Fund based on the aforementioned payment schedules established by the Pension Fund.  Polly's has continued to make these payments to the Pension Fund on a quarterly basis.  To date, the interim withdrawal liability payments total $945,445.13.

22.    In the event Polly's is required to continue making interim withdrawal liability payments to the Pension Fund, the amount of such quarterly payments is $169,080.00.

23.    On September 28, 2021, the Sixth Circuit Court of Appeals issued a decision in the matter of *Sofco Erectors, Inc. v. Trustees of the Ohio Operating Engineers Pension Fund*, 15 F.4th 407, 423 (6th Cir. 2021), holding that a multiemployer pension plan's use of "the Segal Blend [interest rate] here violates ERISA's mandate that the interest rate for withdrawal liability calculations be based on the 'anticipated experience under the plan.'"

24.    The arbitrator will be required to follow the *Sofco* decision.  Therefore, even if the Pension Fund's assessment of partial withdrawal liability against Polly's is upheld by the arbitrator, the arbitrator will be compelled to (a) hold that it was impermissible for the Pension Fund to use the Segal Blend interest rate when calculating the amount of Polly's alleged partial withdrawal liability for each plan year in question, and (b) apply the interest rate the Pension Fund used to reflect the anticipated experience of the Pension Fund.

25.     In the Pension Fund's Annual Report Form 5500 reports for plan years ending June 30, 2018, 2019 and 2020, including the Schedules MB, the Pension Fund represented that its anticipated experience was at an annual rate of return of 7.50% compounded annually.  Under *Sofco*, this was the interest rate the Pension Fund was required to use when calculating Polly's alleged partial withdrawal liability.

26.     When the proper interest rate is applied in calculating Polly's withdrawal liability and partial withdrawal liability, Polly's estimates its alleged partial withdrawal liability for  any plan year in question would not have exceed $125,000 for any year in question.  Therefore, the maximum amount of Polly's alleged withdrawal liability for the plan years at issue is $375,000, which is approximately a third of what Polly's has already paid in quarterly installments based on the assessments it is contesting.

27.     The purpose of requiring employers to make interim withdrawal liability payments to a pension fund while they are challenging a partial or complete withdrawal liability assessment is "to alleviate the risk that during the course of arbitration, an employer will be become insolvent, and the fund will not be able to collect in the event of a favorable award." *Findlay Truck Line, Inc. v. Central States, Southeast & Southwest Areas Pension Fund*, 726 F.3d 738, 742 (6th Cir. 2013).

28.     That purpose is not being served in this matter and Polly's is being

unfairly penalized, because, based on *Sofco,* the interim withdrawal liability payments Polly's has made to the Pension Fund thus far are more than sufficient to cover any monies Polly's owes to the Pension Fund as a result of its alleged partial withdrawal from the Pension Fund.

29.     There is no financial risk to the Pension Fund if Polly's ceases making interim withdrawal liability payments.

30.     In the interests of justice and equity, Polly's should not be required to continue making interim withdrawal liability payments to the Pension Fund.

## COUNT I – DECLARATORY JUDGMENT

31.     Polly's reasserts and re-alleges paragraphs 1 - 30 as though set forth fully herein.

32.     At most, Polly's alleged partial withdrawal liability for each of the plan years in question is $125,000 (and is likely less based on individual calculations for each year and the application of partial withdrawal credits for prior years).

33.     Despite this, Polly's has made interim withdrawal liability payments to the Pension Fund totaling $945,445.13.

34.     The payments Polly's has made to the Pension Fund to date are more than sufficient to cover any alleged partial withdrawal liability for the plan years in question.

35.     There is no risk that the Pension Fund will not be able to collect any

amounts owed by Polly's in the event the Pension Fund obtains a favorable award during the arbitration.  Indeed, the Pension Fund is already in possession of the maximum amount Polly's would owe to the Pension Fund based on the alleged partial withdrawals for plan years ending June 30, 2018, June 30, 2019 and June 30, 2020.

36.    There is no reason for Polly's to continue making interim withdrawal liability payments to the Pension Fund.

37.    Polly's is entitled to a judgment declaring that it is not required to continue making interim withdrawal liability payments to the Pension Fund in connection with the partial withdrawal liability assessments for plan years ending June 30, 2018, June 30, 2019 and June 30, 2020.

## COUNT II – INJUNCTIVE RELIEF

38.    Polly's reasserts and re-alleges paragraphs 1 - 37 as though set forth fully herein.

39.    For the reasons stated above, there is no reason for Polly's to continue making interim withdrawal liability payments to the Pension Fund.

40.    Polly's is entitled to an injunction enjoining the Pension Fund from attempting to collect any additional interim withdrawal liability payments in connection with the partial withdrawal liability assessments for plan years ending June 30, 2018, June 30, 2019 and June 30, 2020.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Polly's Food Service, Inc. prays for relief as follows:

A.     A declaration that Polly's is not required to continue making interim withdrawal liability payments to the Pension Fund in connection with the partial withdrawal liability assessments for plan years ending June 30, 2018, June 30, 2019 and June 30, 2020;

B.     An injunction enjoining the Pension Fund from attempting to collect any additional interim withdrawal liability payments in connection with the partial withdrawal liability assessments for plan years ending June 30, 2018, June 30, 2019 and June 30, 2020; and

C.     Any and all other further relief to which Polly's may be found entitled.

Respectfully submitted,

CLARK HILL PLC

By:    */s/ David M. Cessante*
       David M. Cessante (P58796)
       Robert N. Dare (P79207)
       Attorneys for Plaintiff
       500 Woodward Ave, Suite 3500
       Detroit, MI  48226
       T: (313) 965-8300
       dcessante@clarkhill.com
       rdare@clarkhill.com

DATE:  December 10, 2021