UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **POLLY'S FOOD SERVICE, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION – INDUSTRY PENSION FUND,**<br><br>Defendant. | 2:21-CV-12895-TGB-KGA<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 10)** |

Plaintiff Polly's Food Service, Inc. ("Polly's") brought this action seeking declaratory and injunctive relief from making interim withdrawal liability payments it allegedly owes to Defendant United Food & Commercial Workers International Union – Industry Pension Fund ("the Fund") while the parties' dispute is arbitrated. The multiemployer pension plan from which Polly's has allegedly withdrawn is subject to the Employer Withdrawal provisions of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1453. The MPPAA mandates that employers and pension plans arbitrate withdrawal liability disputes and requires the withdrawing employer to make payments to the pension fund during the pendency of arbitration.

1

Because arbitration is ongoing and Polly's has failed to plead the existence of special circumstances that warrant judicial intervention amidst arbitration, Polly's claims for declaratory and injunctive relief must be dismissed. For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED.**

## I. INTRODUCTION

Polly's is a family-owned grocer headquartered in Jackson, Michigan that contributes to a multiemployer pension plan administered by the Fund. Complaint, ECF No. 1, PageID.3–4. As a participating employer in a plan governed by the Employee Retirement Income Security Act ("ERISA"), Polly's is subject to the Employer Withdrawal provisions of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1453.

In March 2019, the Fund assessed Polly's with partial withdrawal liability for the plan year ending June 30, 2018. ECF No. 1 at PageID.4; Mot. to Dismiss, ECF No. 10, Page ID.29. Accordingly, the Fund began requiring Polly's to make quarterly interim withdrawal liability payments pursuant to the MPPAA. ECF No. 1, PageID.4–5; 29 U.S.C. § 1399(b). After Polly's made its arbitration demand in September 2019, the Fund assessed Polly's with additional partial withdrawal liability for the plan years ending June 30, 2019 and June 30, 2020. ECF No. 1, PageID.5. As such, the Fund continued to demand that Polly's make

quarterly interim withdrawal liability payments based on Polly's alleged withdrawal for those plan years. *Id.*; 29 U.S.C. § 1399(c)(2).

The MPPAA allows employers subject to withdrawal liability payments to request that the pension fund review its "determination of the employer's liability and the schedule of payments." 29 U.S.C. §1399(b)(2)(A)(i). In May 2019, after receiving the Fund's first assessment of partial withdrawal liability, Polly's asked the Fund to revise or withdraw its demands for quarterly payments because Polly's contends that the Fund miscalculated the amount Polly's must pay for its alleged partial withdrawal liability. ECF No. 1, PageID.4–5. The Fund declined Polly's request to review its payment calculations. *Id.*

Under the MPPAA, any disputes as to withdrawal liability— including actual liability and the amount owed to the pension fund for partial withdrawal—must be resolved through arbitration. 29 U.S.C. § 1401(a)(1). Polly's filed a timely arbitration demand in September 2019. ECF No. 1, PageID.5. Among other issues, Polly's seeks to arbitrate whether the Fund properly calculated the amount that Polly's is required to pay for its alleged partial withdrawal liability for the plan years ending June 30, 2018, June 30, 2019, and June 30, 2020. *Id.*

Since the Fund first assessed Polly's with partial withdrawal liability in March 2019, Polly's has been required to make interim withdrawal liability payments based on the Fund's schedules. *Id.* The MPPAA requires Polly's to make these payments even though it

3

maintains that the Fund's calculations are incorrect and is now arbitrating the issue. 29 U.S.C. § 1399(c)(2). Polly's has been complying with this requirement and making quarterly payments to the Fund. By the time Polly's filed its Complaint in December 2021, Polly's alleges that it had made $945,445 in interim withdrawal liability payments to the Fund. ECF No. 1, Page ID.6. But Polly's insists that at most, its alleged partial withdrawal liability is $375,000, when applying the proper interest rate calculation that the Fund failed to use in setting the payment schedule. *Id.* at PageID.6–7.

Polly's filed suit in this Court seeking: (1) a declaration that Polly's is not required to continue making interim withdrawal liability payments to the Fund for its alleged partial withdrawal; and (2) an injunction barring the Fund from collecting additional interim withdrawal liability payments for Polly's alleged partial withdrawal. The Fund moves to dismiss Polly's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the MPPAA requires the parties to arbitrate the dispute and judicial intervention is impermissible at this juncture.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(6) authorizes the Court to dismiss a lawsuit if it "fails to state a claim upon which relief can be granted." This includes where the claims at issue are subject to arbitration before judicial review. *See Telecom Decision Makers, Inc. v.*

*Access Integrated Networks, Inc.*, 654 F. App'x 218, 223 (6th Cir. 2016); *High v. Cap. Senior Living Properties 2-Heatherwood, Inc.*, 594 F. Supp. 2d 789, 795–96 (E.D. Mich. 2008). Federal Rule of Civil Procedure 8(a) requires only that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though this standard is liberal, courts have held that plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of their entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

Courts must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). Rule 12(b)(6) also requires the Court to limit its considerations to the allegations contained in the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

### III. DISCUSSION
#### A. The MPPAA Requires Polly's to Arbitrate Withdrawal Liability Disputes and Make Interim Withdrawal Liability Payments.

The MPPAA provides an unequivocal arbitration mandate: "Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399

5

of this title shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). As relevant here, Sections 1381, 1385, and 1386 of the MPPAA cover establishing an employer's partial withdrawal liability and the amount of the employer's liability, subjecting these issues to arbitration under Section 1401(a)(1). Moreover, only "[u]pon completion of the arbitration proceedings," may a party challenge the arbitrator's award in federal court. 29 U.S.C. §1401(b)(2). The Sixth Circuit has held that because the MPPAA reflects "Congress's clear command to resolve MPPAA disputes initially by arbitration," a district court errs when it rules on MPPAA claims that are pending in arbitration. *Mason & Dixon Tank Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 852 F.2d 156, 158 (6th Cir. 1988); *see also Findlay Truck Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 726 F.3d 738, 756 (6th Cir. 2013) (affirming the district court's dismissal because whether the plaintiff's withdrawal liability dispute falls within the scope of the MPPAA "is a question for the arbitrator").

The MPPAA also makes clear that after a plan sponsor assesses withdrawal liability on an employer, the employer must make interim withdrawal liability payments "in accordance with the schedule set forth by the plan sponsor . . . ***notwithstanding any request for review or appeal of the determinations*** of the amount of such liability or of the schedule." 29 U.S.C. § 1399 (c)(1)(D)(ii) (emphasis added). Similarly, the employer must continue making payments "***until the arbitrator issues***

6

*a final decision with respect to the determination* . . . , with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the [arbitrator's decision]." 29 U.S.C. § 1401(d) (emphasis added). The MPPAA's interim payment scheme has been colloquially described as a "pay now, dispute later" policy. *Findlay*, 726 F.3d at 742.

Here, Polly's acknowledges that the MPPAA permits the Fund to demand that it make interim withdrawal liability payments based on the Fund's assessment of partial withdrawal liability. Opp. to Mot. to Dismiss, ECF No. 12, PageID.49. Polly's also agrees that the MPPAA's "pay now, dispute later" policy requires it to make interim payments even as it contests the issues of actual liability and the amount it owes to the Fund. *Id.* at PageID.50. And consistent with the MPPAA, Polly's itself has demanded arbitration of the disputes it alleges concerning withdrawal liability. *Id.* at PageID.56.

Nevertheless, Polly's contends that it is not asking the Court to improperly inject itself into pending arbitration over mandatory interim withdrawal liability payments. Polly's repeatedly insists that its claims are not subject to arbitration under the MPPAA because "Polly's is only asking that it not be required to *continue* making these payments," given that, according to Polly's, "it has already substantially overpaid any potential withdrawal liability." *Id.* at PageID.57. Polly's thus dedicates significant portions of its briefing to explaining why the Fund improperly

7

calculated Polly's interim withdrawal liability payments, which allegedly resulted in Polly's substantial overpayment. Despite Polly's framing and without regard to the merits of its arguments, Polly's claims revolve around questions that the MPPAA clearly subjects to arbitration: (1) whether Polly's is liable for partial withdrawal; (2) if Polly's is liable, whether the amount Polly's has paid to the Fund exceeds its actual liability; and (3) whether Polly's has overpaid because the Fund miscalculated the payment schedule for interim liability payments.

Because the MPPAA makes abundantly clear that such issues are subject to arbitration and an employer must make interim liability payments during the pendency of arbitration, Polly's has not stated a claim for which this Court can grant relief.

## B. Polly's Fails to State a Claim for this Court to Issue Declaratory or Injunctive Relief While Arbitration Is Pending.

Although the MPPAA requires parties to arbitrate withdrawal liability disputes, a court may intervene under certain special circumstances. For example, in *Findlay*, the Sixth Circuit carefully parsed the divergent views of Circuit courts as to "whether the MPPAA's 'pay now, dispute later' principle abrogates the courts' equitable authority." 726 F.3d at 750. The *Findlay* Court articulated three narrow situations that permit federal courts to enjoin interim withdrawal liability payments notwithstanding the MPPAA's arbitration mandate:

8

"(1) an employer's 'facial constitutional attack'; (2) an employer's verifiable claim that arbitration would lead to irreparable injury; [and] (3) the determination of whether a company is an 'employer' within the meaning of the MPPAA." *Id.* at 755 (quoting *Mason & Dixon*, 852 F.2d at 165–67). Polly's also cites *Trustees of Plumbers & Pipefitters National Pension Fund v. Mar-Len, Inc.*, a Fifth Circuit case holding that a federal district court has "limited" discretion to enjoin interim withdrawal liability payments pending MPPAA arbitration where the pension fund's assessment of withdrawal liability "against a withdrawing employer is frivolous" or "not colorable." 30 F.3d 621, 626 (5th Cir. 1994).

      Polly's claims must be dismissed because it has failed to plead the existence of any of these circumstances for the Court's intervention. First, Polly's concedes that none of the three *Findlay* scenarios, including irreparable harm, apply here. ECF No. 12, PageID.56–58. Second, setting aside that Polly's asks the Court to rely on nonbinding precedent, Polly's has plainly failed to plead facts to plausibly demonstrate that the Fund's withdrawal liability assessment was frivolous. In its briefing, Polly's merely recycles its merits argument that the Fund miscalculated Polly's alleged partial withdrawal liability, making the Fund's interim withdrawal liability payment demands frivolous. *Id.* at PageID.60–61. But as discussed above, Polly's must arbitrate the dispute over the amount of its partial withdrawal liability and has failed to state a claim for this Court to exercise its equitable powers pending arbitration.

9

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiff's case is **DISMISSED** without prejudice to permit Plaintiff to reraise its claims in the event of an adverse decision in arbitration.

**IT IS SO ORDERED.**

Dated: September 15, 2022

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE